# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ETHAN MOORE,**

    **Plaintiff,**

  v.                                                 Case No. 20-CV-107

**KENOSHA COUNTY DETENTION CENTER,**
et al.,

    **Defendants.**

## ORDER ON MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE AND REPORT AND RECOMMENDATION SCREENING COMPLAINT[1]

On January 24, 2020, Ethan Moore filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Kenosha County Detention Center, David Beth, John Does, Lisa Yestes, Christopher Lindoff, Pricilla Lambert, Jon Schubert, Elizabeth Lemeke, United Hospital System, and Mathew Peterson. (Docket # 1.) Moore also files a request for leave to proceed without prepaying the filing fee (*in forma pauperis*). (Docket # 2.) From the financial affidavit Moore has given the court, I conclude that he is able to pay the filing fee; thus, his motion for leave to proceed without prepaying the filing fee is denied. However, even if Moore's complaint was allowed to proceed, I recommend that Moore's complaint be dismissed as frivolous.

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiff's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

## LEGAL FRAMEWORK

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed without prepaying the filing fee, the court must make two determinations.

First, the court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on a declaration submitted to the court. *Id.* Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim on which relief may be granted, or does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## ANALYSIS

Moore avers that he is married and employed and that between him and his wife, they have a monthly combined salary of $1,782.00. (Docket # 2 at 1–2.) Moore states that he has total monthly expenses of approximately $3,300.00 (*Id.* at 2–3.) Although Moore's total monthly expenses far exceeds his total monthly salary, he is not without financial resources. Moore avers that he owns a Mercedes Benz worth $17,000.00 and a Toyota Avalon worth $5,000.00. (*Id.* at 3.) Moore also owns a home worth $120,000.00 with $80,000.00 in available equity. (*Id.*) These are assets many *pro se* litigants do not have. "[The] privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Given Moore's assets, I am not convinced that he meets the criteria for *in forma pauperis* status.

However, even assuming Moore did meet the financial requirement for *in forma pauperis* status, this action is frivolous. Again, an action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324. Moore seeks to overturn his 2013 Operating While Intoxicated ("OWI") conviction and reinstate his driver's license. (Docket # 1 at 6.) Moore also alleges that his Fourth Amendment rights were violated during an unlawful search (i.e., a blood draw) and seeks damages pursuant to 42 U.S.C. § 1983. (*Id.*) This is Moore's third attempt to obtain damages stemming from this conviction.

In 2015, Moore brought a nearly identical complaint alleging that his rights were violated under § 1983 when officers forcibly took his blood without consent or judicial

3

warrant. (Docket # 1 in Case No. 15-CV-936 (E.D. Wis.)) In that case, Moore similarly challenged the alleged warrantless blood draw. The crux of Moore's argument in that case, as in this case, was that the warrant signed by Kenosha County Circuit Court Judge Bastianelli was signed at 3:40 a.m., while the blood draw took place at 3:33 a.m. (Docket # 1-1 in Case No. 20-CV-107 and Docket # 63 in Case No. 15-CV-936.) However, I found that the undisputed evidence showed that Judge Bastianelli actually signed the warrant at 3:04 a.m. and accidentally transposed the "4" and "0" on the warrant. (Docket # 63 at 5–6.) Moore conceded that if the warrant was signed prior to the blood draw, there would be no constitutional violation. (*Id.* at 5.) Judgment was entered in the defendants' favor and Moore's case was dismissed. To the extent Moore disagreed with my decision dismissing his alleged Fourth Amendment violation under § 1983, the proper remedy was to file an appeal. The issue was decided on the merits and Moore cannot now raise the issue again.

Even before filing the current case, however, Moore again raised the same Fourth Amendment claim in 19-CV-124 (E.D. Wis.). Perhaps unaware of Moore's previous lawsuit, Judge Stadtmueller found that Moore's Fourth Amendment claim was likely barred under *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), but found this could not be definitively determined based on the allegations in the complaint. (Docket # 7 in Case No. 19-CV-124.) Judge Stadtmueller further found that to the extent Moore sought to overturn his OWI conviction, the proper remedy was to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Judge Stadtmueller noted, however, that there was a question of whether habeas relief was even available to Moore, because it was unclear whether his term of probation was ongoing. (*Id.* at 6 n.1.)

To the extent Moore's potential habeas case rests on the alleged Fourth Amendment violation, his petition would fail. It is unclear whether Moore has some other basis for relief under § 2254. However, because it is clear that Moore's complaint under § 1983 is baseless, I recommend that it be dismissed as frivolous and that he be warned that continuing to file lawsuits raising this same issue may result in the imposition of sanctions.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Moore's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **DENIED**.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED** as frivolous.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 27th day of January, 2020.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge